# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

THOMAS EUGENE CAMPBELL,

    Plaintiff,

v.                                   Case No: 6:16-cv-1891-Orl-28TBS

COUNTY OF VOLUSIA and DEPUTY
SHERIFF CONRAD,

    Defendants.

## ORDER

During an arrest of Plaintiff Thomas Eugene Campbell, Volusia County Deputy Sheriff Conrad allegedly twisted Campbell's handcuffed wrists, injuring him. Campbell now asserts, pursuant to 42 U.S.C. § 1983, that Deputy Conrad used excessive force in violation of the Fourth and Fourteenth Amendments and that this use of force was the result of the County of Volusia's (County) custom and practice of failing to train or supervise its deputies in handcuffing procedures. (Am. Compl., Doc. 19). The County filed a motion to dismiss the Monell[1] claim alleged in Count I of the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). (Doc. 25). The motion is due to be denied.

### A. Facts[2]

On September 20, 2012, Deputy Conrad arrested Campbell for reasons that are not described in the Amended Complaint. (Am. Compl. ¶ 6). Deputy Conrad placed handcuffs on Campbell's wrists and then placed his arms behind his back. (Id. ¶¶ 7–10). In doing

---

[1] Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658 (1978).
[2] The facts alleged in the Amended Complaint are accepted as true for the purposes of ruling on a Rule 12(b)(6) motion.

so, Deputy Conrad caused Campbell's wrists to bend backwards. (Id. ¶ 10). Campbell notified Deputy Conrad that the handcuffs were causing him pain but Deputy Conrad did not adjust or remove the handcuffs "for a period of time." (Id. ¶¶ 11–12). As a result, Campbell suffered "a fracture to [his] wrist, resulting in surgery, permanent injury, and pain and suffering." (Id. ¶ 13).

On September 20, 2016, Campbell filed several claims in state court against the County and Deputy Conrad, who removed the case to this Court on October 28, 2016. (Notice of Removal, Doc. 1). In Count I of the Amended Complaint, Campbell alleges that the County failed to train or supervise Conrad in his use of handcuffs "and in making difficult and immediate decisions regarding detention with handcuffs of individuals such as [Campbell]." (Am. Compl. ¶ 20). The County seeks to dismiss this claim under Rule 12(b)(6).

## II. Standard

Generally, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[D]etailed factual allegations" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). At the motion to dismiss stage, a court must construe all plausible inferences derived from the facts of the complaint in favor of the plaintiff. Whitwam v. JetCard Plus, Inc., 34 F. Supp. 3d 1257, 1259 (S.D. Fla. 2014).

## III. Analysis

In its motion to dismiss, the County contends that Campbell fails to state a claim upon which relief can be granted in Count I of the Amended Complaint because Campbell does not sufficiently allege other instances in which the County's sheriff deputies have violated individual's constitutional rights by improperly using handcuffs. The County's motion must be denied.

The doctrine of respondeat superior does not apply in actions under § 1983,[3] and a municipality may only be held liable when the injury caused was a result of municipal policy or custom. Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691–92 (1978). Moreover, "inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." City of Canton, Ohio v. Harris, 489 U.S. 378, 388 (1989). "To establish a [municipality]'s deliberate indifference, 'a plaintiff must [ultimately] present some evidence that the municipality knew of a need to train and/or supervise in a particular area and the municipality made a deliberate choice not to take any action.'" Lewis v. City of W. Palm Beach, Fla., 561 F.3d 1288, 1293 (11th Cir. 2009) (quoting Gold v. City of Miami, 151 F.3d 1346, 1350 (11th Cir. 1998)). "A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." Connick v. Thompson, 563 U.S. 51, 62 (2011).

---

[3] The County also contends that Campbell's Monell claim in Count I can reasonably be interpreted to allege that the County is liable for the actions of Deputy Conrad under the doctrine of respondeat superior. Campbell states in his Response in Opposition that he is not asserting any respondeat superior claims against the County. (Resp. in Opp'n, Doc. 27, ¶ 24).

3

"However, the Supreme Court has 'hypothesized' that 'in a narrow range of circumstances,' a municipality may be liable under [§] 1983 when a single incident is the 'obvious' consequence of a failure to provide specific training." Whitaker v. Miami-Dade Cty., 126 F. Supp. 3d 1313, 1324 (S.D. Fla. 2015) (quoting Connick, 563 U.S. at 62). "Single incident liability" is based on the premise that there are highly predictable situations in which "the unconstitutional consequences of failing to train [are] so patently obvious that a city could be liable under § 1983 without proof of a pre-existing pattern of violations." Connick, 563 U.S. at 64.

> For example, city policymakers know to a moral certainty that their police officers will be required to arrest fleeing felons. The city has armed its officers with firearms, in part to allow them to accomplish this task. Thus, the need to train officers in the constitutional limitations on the use of deadly force, can be said to be "so obvious," that failure to do so could properly be characterized as "deliberate indifference" to constitutional rights.

City of Canton, 489 U.S. at 390 n.10 (internal citation omitted).

Campbell acknowledges that he failed to allege any prior incidents of sheriff's deputies misusing handcuffs during arrests that would place the County on notice of the need to train or supervise. But Campbell argues that under the hypothesized "single-incident" theory of municipal liability, the circumstances alleged in the Amended Complaint rise to the level of deliberate indifference. Although cases in which "single incident" liability exist are rare, Campbell has sufficiently alleged that the need to train officers in the proper use of handcuffs is "so obvious" that failing to do so could rise to the level of deliberate indifference.

IV. Conclusion

It is **ORDERED** that the County's motion to dismiss (Doc. 25) is **DENIED**. The County shall file an answer to the Amended Complaint **on or before Thursday, June 8, 2017**.

**DONE** and **ORDERED** in Orlando, Florida, on May 25, 2017.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties

5